

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor and Efficiency Expert
Austin, Texas

Dear Mr. Cavness:          Opinion No. O-4937

       Re: Construction of Section 8,
       Article 4364, Vernon's Re-
       vised Statutes, imposing
       the duty upon heads of de-
       partments to keep accounts
       of appropriations, and the
       like.

    We acknowledge receipt of your letter, touching
the above subject matter, saying:

    "We shall appreciate an opinion from you
in connection with the last sentence of the
above mentioned statute, this sentence read-
ing as follows:

    "The heads of all State Departments,
Institutions, Boards and Commissions
or other officials or employees of
the State who are or may be author-
ized to make purchases or incur any
indebtedness to be paid from appro-
priated funds shall keep accounts
for such appropriations as apply to
their respective Departments, Insti-
tutions, Boards or Commissions, and
shall balance such accounts monthly
against the like accounts kept by
the Comptroller.'

Honorable C. H. Cavness - page 2

"The duty and responsibility of the heads
of various Departments, etc., seems clearly
stated, but in connection with our audits of
various of them we find instances where this
statute is not being fully tracked, this be-
ing more particularly true in that the appro-
priation accounts as kept in the Departments,
etc., are not being in all cases balanced
monthly against the like accounts kept by
the Comptroller. Since this law appears to
be generally applicable to all State Depart-
ments, etc., we wish to know:

"(1) In what manner, if any, is this
provision of the law enforceable, and
upon whom, if anyone, does the duty
rest to see that it is properly com-
plied with?

"(2) Should the Comptroller report any
failures or refusals to comply with that
provision of the law to anyone, and, if
so, to whom?

"(3) Would the Comptroller be within his
rights, or would it perhaps be his duty,
to refuse to issue warrants against funds
appropriated for a Department, etc., which
has failed or refused to balance its ac-
counts each month against the correspond-
ing accounts kept by the Comptroller?"

The Section called in review is as follows:

"3. APPROPRIATION LEDGERS.--The Comptroller
shall keep accounts with all appropriations made
by the Legislature, an account being kept for
each appropriation, which shall be credited with
the amount of the appropriation and charged with
all pay warrants issued under the authority of
appropriations. Each account shall show the law
authorizing the appropriation. The total of all
appropriations so credited shall be credited to
a control accounts called 'appropriations voted.'
The daily totals of the warrants issued shall be

Honorable C. H. Cavness - page 3

charged to this control account, so that the balance shall represent the amount of unused appropriations. The individual appropriation accounts shall be balanced monthly against the 'appropriations voted' account. The heads of all State Departments, Institutions, Boards and Commissions or other officials or employees of the State who are or may be authorized to make purchases or incur any indebtedness to be paid from appropriated funds shall keep accounts for such appropriations as apply to their respective Departments, Institutions, Boards or Commissions, and shall balance such accounts monthly against the like accounts kept by the Comptroller."

This statute imposes a duty upon the heads of all State departments, institutions, boards and commissions, or other officials.

While this statute imposes a duty upon the official there mentioned, it does not prescribe a penalty, for which reason the Comptroller would not be authorized, much less would it not be his duty, to refuse to issue warrants against funds appropriated for a department, board, officer or employee, who might be default as to such duty.

Such failure or default might or might not be official misconduct justifying a proceeding for removal, under statutes.

Where such a failure or default has occurred, and has come to the knowledge of the Comptroller, yourself as State Auditor, or any other officer charged with the administration of the laws of the State, it would appear to be the policy of the State that such matter should be called to the attention of the Attorney General, who is the chief law-enforcing officer of the State, for investigation and action according to his official judgment.

We believe this answers each of the specific questions propounded by you.

APPROVED OCT 27, 1942

*[signature]*

ATTORNEY GENERAL OF TEXAS
OS-112

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

*[signature]*
Cole Spoor
Assistant

APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN